IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FONTAINE K. MCCLURE SR.,** : | |
| **Plaintiff** : | Civil No. 1:14-CV-0958 |
| : | |
| v. : | |
| : | |
| **THE CITY OF HARRISBURG;** : | |
| **HARRISBURG POLICE DEPT.;** : | |
| **OFFICER EDWARD RYDER; and** : | |
| **OFFICER ROBERT FLEAGLE,** : | |
| : | **Judge Sylvia H. Rambo** |
| **Defendants** : | |

# M E M O R A N D U M

In this Section 1983 civil rights action, Plaintiff sued Defendants asserting violations of his rights protected by the Fourth and Fourteenth Amendments as well as actions under state law. Presently before the court is a motion for entry of default (Doc. 26), filed by Plaintiff. Because the record demonstrates Plaintiff is not entitled to an entry of default, the motion will be denied.

**I.**     **Background**

Because the court writes primarily for the parties, it will outline only the procedural history essential to its disposition of Plaintiffs' motion.

Proceeding *pro se*, Plaintiff, Fontaine K. McClure Sr., initiated this action by filing a complaint on May 19, 2014. (Doc. 1.) On May 21, 2014, the court granted Plaintiff's motions for leave to proceed *in forma pauperis* and directed the Clerk of Courts to prepare and issue a summons. (Doc. 5). That day, the Clerk of Court issued a summons and directed service pursuant to Rule of Civil Procedure 4.

(Doc. 6.)  Defendants acknowledged service on May 22, 2014 (Doc. 9 (City of Harrisburg)) and May 23, 2014 (Docs. 7( (Defendant Feagle), 8 (Harrisburg Police Department) & 10 (Defendant Ryder).)

On June 12, 2014, Defendants Harrisburg Police Department and City of Harrisburg filed a joint motion to dismiss for failure to state a claim and brief in support.  (Docs. 15 & 16.)  On June 13, 2014, Defendants Feagle and Ryder filed a joint motion to dismiss for failure to state a claim and brief in support.  (Docs. 17 & 18.)  Plaintiff filed a brief in opposition to each motion on June 25, 2014.  (Docs. 19 & 20.)  On June 27, 2014, Defendants Feagle and Ryder filed a motion to exceed page limitation *nunc pro tunc*, which was in response to Plaintiff's indication that their brief exceeded the length limitations set forth in Local Rule 7.8 by 693 words.  (Doc. 21.)  Plaintiff opposed the motion.  (*Id.* at ¶ 7.)  The court granted Defendants Feagle and Ryder's motion that same day.  (Doc. 25.)  Plaintiff filed the instant request for entry of default and affidavit in support thereof five days thereafter.  (Docs. 26 & 27.)

**II.        Legal Standard**

Entry of default judgment is a two-step process.  *See* Fed. R. Civ. P. 55(a), (b).  Rule 55(a) of the Federal Rules of Civil Procedure provides that "the clerk must enter default" when a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Thus, a party seeking to obtain a default judgment must first request that the Clerk of Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]" within the time required by the rules or as extended by court order.  *Id.*

The words "otherwise defend," as used in Rule 55(a), have been interpreted to refer to motions to dismiss which may prevent default without pleading to the merits. *See Davis v. Corr. Med. Sys.*, 480 F. Supp. 2d 754, 757 (D. Del. 2007) ("Timely serving and filing a motion to dismiss under [Rule] 12(b) precludes entry of default.").

Pursuant to Rule 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). Default will not be entered where the defendants have "otherwise defend[ed]" the action by timely filing a motion to dismiss under Rule 12(b). *See* Fed. R. Civ. P. 55.

It is only after a default has been entered when a court can enter a default judgment. *DeTore v. Local No. 245 of the Jersey City Pub. Emp. Union*, 511 F. Supp. 171, 176 (D.N.J. 1981) ("[N]o default judgment may be entered under either Fed. R. Civ. P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment."). In any event, even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). It is preferable that "cases be disposed of on the merits whenever practicable." *Id*. at 1181 (internal citation omitted); *Lentini v. Ruggiero*, Civ. No. 12-3586, 2013 WL 5913683, *2 (D.N.J. Oct. 31, 2013).

### III.        Discussion

To his credit, Plaintiff presents a very logical argument in support of his request for default; nevertheless, the failure of Plaintiff's request is quite clear.[1] Plaintiff argues that, because Defendants Feagle and Ryder's brief inappropriately exceeded the word count set forth in Local Rule 7.8(b) (providing that no brief may exceed 5,000 words without prior court approval), the brief should be rejected. He further argues that the court's rejection of the brief, and the effective failure of Defendants Feagle and Ryder to file a conforming brief within fourteen days of the date the motion was filed, leaves the motion to dismiss unsupported, in violation of Local Rule 7.5 (providing that a brief must be filed within fourteen days of the filing of a motion). Plaintiff further argues that, by operation of Rule 7.5, the motion to dismiss is deemed withdrawn. Plaintiff reasons that, because the motion to dismiss is deemed withdrawn, Defendants Feagle and Ryder did not respond to the complaint within 21 days from the date of service, as required by Federal Rule of Civil Procedure 4. Plaintiff concludes that, by operation of Federal Rule of Civil Procedure 55, Defendants Feagle and Ryder's failure to respond within the time provided by the Rules entitles him to an entry of default. *See* Fed. R. Civ. P. 55(a).

The one obstruction in Plaintiff's otherwise logical flow is the court's granting Defendants Feagle and Ryder's motion for leave to file an oversized brief *nunc pro tunc*. (Doc. 25.) Although Plaintiff is correct in his position that the Local Rules provide that a movant requesting to file an oversized brief must request leave

---

[1] Normally, such a meritless motion does not prompt the court to issue a memorandum to accompany its denial. However, the court is cognizant of Plaintiff's *pro se* status. Nevertheless, the court cautions Plaintiff that he should not become accustomed to receiving an explanation accompanying the denial of a motion to which a summary denial is warranted.

two working days before the brief is due, M.D. Pa. L.R. 7.8(b), the court nevertheless granted Defendants Feagle and Ryder's request, pursuant to the authority granted to the court in Federal Rule of Civil Procedure 1 ("[The Rules of Civil Procedure] should be construed *and administered* to secure the just, speedy, and inexpensive determination of every action" (emphasis supplied)) and Local Rule of Court 1.3 (providing that the court may suspend the rules in individual cases when the judge issues any order which is inconsistent with the Local Rules).  Here, the court modified the rules as it pertained to Defendants Feagly and Ryder's brief in opposition, accepting the oversized brief notwithstanding their failure to comply with the strict language of Rule 7.8(b).  Here, a mechanical application of the Local Rules would not provide a just determination of the action.  The court is unwilling to direct the entry of default where it has already accepted the motion as perfected. Because the filing of the motion to dismiss demonstrates that Defendants Feagly and Ryder have "otherwise defend[ed]" the action, Rule 55(a) provides Plaintiff with no relief, and entry of default is inappropriate.

**IV.**      **Conclusion**

Defendants Feagly and Ryder filed their motion to dismiss within 21 days from the date of service and perfected it by filing an, albeit oversized, brief, which was accepted *nunc pro tunc*.[2]  For purposes of Rule 55, Defendants Feagly and Ryder have otherwise defended the action within the time prescribed by Rule

---

[2] Defendants are strongly advised to comply with the requirements imposed by the Local Rules of Court throughout the remainder of this litigation.

12(a)(1)(A)(ii). Accordingly, relief pursuant to Rule 55 is inappropriate, and Plaintiff's motion for the entry of default will be denied.

An appropriate order will be entered.[3]

s/Sylvia H. Rambo<br>United States District Judge

Dated: July 7, 2014.

---

[3] Although unsuccessful in its attempt to obtain the relief requested, this filing has certainly been successful in demonstrating to the court that Plaintiff is decently versed in the Federal Rules of Civil Procedure and Local Rules of Court. Indeed, at the very least, the instant filing has placed Defendants on notice that they are dealing with an intelligent party who appears invested in the case to the extent he presumably counted the words in their lengthy brief. This practice has also placed the court on notice that Plaintiff is not unfamiliar with the Rules and timing requirements applicable to the prosecution and defense of a civil action, and questions whether the leeway granted to many *pro se* plaintiffs should be forthcoming to Plaintiff considering his apparent familiarity with these procedures.