IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FONTAINE K. MCCLURE, SR.,**      :

       **Plaintiff**      :      **Civil No.: 1:14-CV-0958**

       **v.**      :

**THE CITY OF HARRISBURG, et al.,**      :

       **Defendants**      :      **Judge Sylvia H. Rambo**

## M E M O R A N D U M

In this civil action, Plaintiff has sued Officers Rider and Fleagle in their individual and official capacities as well as the City of Harrisburg and the Harrisburg Police Department, asserting various civil rights violations and state tort claims. Specifically, Plaintiff alleges that Officer Rider maliciously prosecuted him (Count I) and that Officers Rider and Fleagle: falsely arrested and imprisoned him (Count II); violated his equal protection rights (Count III); violated his due process rights (Count IV); invaded his property (Count V); and used excessive force against him (Count VI). Plaintiff further alleges that Officer Fleagle wrongfully used civil proceedings against him (Count VII). Finally, Plaintiff alleges that the Harrisburg Police Department and Officers Rider and Fleagle engaged in police misconduct (Count VIII) and that the City of Harrisburg failed to properly train its police officers (Count IX).

Before the court are Defendants' two motions to dismiss Plaintiff's complaint. (Docs. 15 & 17.) For the reasons set forth below, Defendants' motions will be granted.

# I.      Background

## A.      Parties

Plaintiff, Fontaine K. McClure, Sr., ("Plaintiff") is a citizen of the Commonwealth of Pennsylvania. (Doc. 1.) Defendants, Officers Edward Rider and Robert Fleagle ("Defendants Rider and Fleagle"), are police officers employed by the Harrisburg Police Department. (*See id.*) The Harrisburg Police Department and the City of Harrisburg, both of which are located within the Commonwealth of Pennsylvania, are also Defendants to this action. (*See id.*)

## B.      Facts

Two incidents are primarily at issue.[1] On May 12, 2013, Natasha McArthur ("McArthur"), Plaintiff's then-fiancé and the mother of his three-year-old son, had called the police after she and Plaintiff argued. (*See* Doc. 17-1, p. 8 of 9.) Once Defendant Rider responded to the call, McArthur informed Defendant Rider that Plaintiff had struck her, forcibly removed the keys to her vehicle from her hand, taken her gun, and driven away in her vehicle. (*Id.*) After Plaintiff returned to McArthur's residence, Defendant Rider arrested Plaintiff for robbery, theft, carrying a firearm in a vehicle without a license, and unlawful possession of a firearm,[2]

---

[1]  In addition to these two incidents, Plaintiff refers to three others. On or about November 20, 2012, Plaintiff was arrested for urinating in public, although Plaintiff states that he does "not wish to bring any claim against [the arresting officer]." (Doc 2, p. 7 of 13.) On two other occasions predating June 2011, Plaintiff called the Harrisburg Police Department for assistance in domestic disputes. (*Id.* at pp. 7–9 of 13.) Plaintiff fails to state how these two incidents are relevant. No citations were issued or arrests were made in either incident. (*See id.*) Instead, it appears that on each occasion, Plaintiff's interactions with the responding police officers were limited to conversations regarding identification. (*See id.*) Consequently, the court will disregard these additional incidents.

[2]  Plaintiff is a type of person who is prohibited from carrying a firearm. *See* 18 Pa.C.S.A. § 6105 (2008) (declaring that a person who has been convicted of an offense under The Controlled Substance, Drug, Device and Cosmetic Act or an equivalent federal statute "shall not possess . . . a firearm in this Commonwealth"). The passage of time cited by Plaintiff is irrelevant to his status.

despite McArthur's desire to not press charges. (*Id.* at 2–8 of 9; Doc. 1, p. 10 of 12.) During the arrest, Defendant Rider asked Plaintiff if he had any weapons, and Plaintiff admitted to carrying a knife. (Doc. 2, p. 3 of 13.) Defendant Rider then "man handled [sic]" Plaintiff while searching for additional weapons. (*See* Doc. 1, p. 4 of 12.) During this search, Defendant Rider found McArthur's car keys on Plaintiff's person, and Plaintiff confessed to taking McArthur's gun and vehicle. (Doc. 17-1, p. 8 of 9.) Plaintiff consented to a search of his home, and McArthur's gun was found inside Plaintiff's residence. (*Id.* at pp. 8–9 of 9.) Although Plaintiff "spent approximately 16 hours in jail," the charges against Plaintiff were dismissed when Defendant Rider failed to show at the criminal hearing. (Doc. 2, p. 4 of 13.; Doc. 1, p. 2 of 12.)

The second incident occurred on or about September 6, 2012,[3] when Defendant Fleagle arrested Plaintiff for public drunkenness. (Doc. 17-4, p. 2 of 2.) On this occasion, McArthur had also called the police after she and Plaintiff argued. (*See* Doc. 2, p. 5 of 13.) Defendant Fleagle responded to the call and, upon arriving at the scene, interviewed Plaintiff. (*See id.*) Defendant Fleagle noted that Plaintiff was stumbling when attempting to walk on the sidewalk. (Doc. 17-4, p. 2 of 2.) Although Plaintiff denies that he was intoxicated at the time, Plaintiff admits to having consumed "one shot of vodka" and "a 22 ounce Budweiser to go." (*See* Doc. 2, p. 6 of 13.) This charge, however, was also dismissed after Defendant Fleagle failed to appear at the criminal hearing. (*Id.*)

---

[3] Some dispute regarding the actual date exists. Plaintiff alleges the incident occurred on September 9, 2012 (Doc. 2, p. 5 of 13), although records indicate the incident occurred on September 6, 2012 (Doc. 17-4, p. 2 of 2). The actual date of this incident is immaterial to this lawsuit.

### C.    Procedural History

Plaintiff filed his complaint on May 19, 2014.  (Doc. 1.)  On June 12, 2014, Defendants filed the two instant motions to dismiss.  (Docs. 15 & 17.)  One motion to dismiss was filed by Defendants Rider and Fleagle in their individual capacities (Doc. 17) and the second was filed by the City of Harrisburg, the Harrisburg Police Department, and Defendants Rider and Fleagle in their official capacities (Doc 15).  Each motion requests that Plaintiff's complaint be dismissed in its entirety and is accompanied by a supporting brief.  (Docs. 16 & 18.)  On June 25, 2014, Plaintiff, acting *pro se*, filed a brief in opposition to each motion to dismiss. (Docs. 19 & 20.)  Defendants filed two corresponding reply briefs on June 27, 2014. (Docs. 23 & 24.)  Finally, on July 8, 2014, Plaintiff filed a surreply opposing Defendants' motions to dismiss (Doc. 31).[4]  Thus, Defendants' motions to dismiss are ripe for disposition.

## II.        Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a plaintiff's complaint may be dismissed if the complaint "fails to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief" and provide the "defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a); *Edwards v. Borough of Dickson City*, 994 F. Supp. 2d 616, 618 (M.D. Pa. 2014).  Additionally,

---

[4]  According to Local Rule 7.7, no further briefs beyond a reply brief may be filed without leave of court.  M.D. Pa. R. 7.7.  Although Plaintiff did not request or obtain leave of court before filing this surreply, the court will show leniency and consider the brief due to Plaintiff's *pro se* status.

the claim must allege sufficient facts that amount to a claim of relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Any legal conclusions not supported by facts or "formulaic recitation[s] of the elements of a cause of action will not [suffice]." *Id.* at 555. The burden is on the defendant to establish that the plaintiff's complaint fails to state a claim upon which relief can be granted. *Edwards*, 994 F. Supp. 2d at 618.

When considering a motion to dismiss, a court engages in a three-part inquiry:

> (1) identifying the elements of the claim[;] (2) reviewing the complaint to strike conclusory allegations[;] and then (3) looking at the well-pleaded components of the complaint and evaluat[ing] whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Id.* at 619. In performing these tasks, the court must view all allegations contained in the complaint as true and "construe all inferences in the light most favorable to [the] plaintiff." *Musila v. Lock Haven Univ.*, 970 F. Supp. 2d 384, 388 (M.D. Pa. 2013). In addition to the complaint, the court may also consider exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents that the "plaintiff's claims are based on . . . and [that] the defendant has attached . . . to the motion to dismiss." *Edwards*, 994 F. Supp. 2d at 619. If, after performing the three-part inquiry, the plaintiff has not asserted a claim that is plausible on its face, the motion to dismiss will be sustained. *See id.* When sustaining a motion to dismiss, a court has discretion as to whether the complaint should be amendable or dismissed with prejudice, *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 594 (M.D. Pa. 2010), keeping in mind that a court should "liberal[ly] constru[e]" a complaint drafted by a

*pro se* litigant to determine whether amendment would be futile. *Ruston v. Dodrill*, 380 Fed. App'x 197, 197 (3d Cir. 2012).

**III.**        **Discussion**

Defendants challenge each of Plaintiffs' claims. (*See* Docs. 15 & 17.) Defendants Rider and Fleagle argue that Plaintiffs' first seven claims must fail because: (1) they had probable cause to arrest Plaintiff; (2) they are entitled to qualified immunity; (3) any force used against Plaintiff was *de minimis* and reasonable under the circumstances; and (4) state law bars Plaintiff's state law actions. (Doc. 17, p. 1 of 3.) The City of Harrisburg and the Harrisburg Police Department argue that Plaintiffs' eighth claim must fail because: (1) Plaintiff fails to allege a pattern of unconstitutional activity that constitutes the force of law in Harrisburg; (2) Defendants Rider and Fleagle both acted reasonably at all times; and (3) Plaintiff fails to allege that Harrisburg decision-makers had knowledge of any of the disputed situations. (Doc. 15, p. 1 of 3.) Plaintiff opposes Defendants' motions on the grounds that he sufficiently pleaded claims that entitle him to relief. (*See* Docs. 19 & 20.)

**A.**        **Constitutional Claims**

Plaintiff's "federal rights are enforceable against [D]efendants by way of 42 U.S.C. § 1983." *Dice v. Johnson*, 711 F. Supp. 2d 340, 357 (M.D. Pa. 2010). To state a Section 1983 claim, Plaintiff must establish that: (1)"the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Id.* In this case, there is no dispute that Defendants acted under color of state law. This

6

court will therefore focus on whether Defendants' conduct deprived Plaintiff of a federal constitutional or statutory right.

### 1.   **Malicious Prosecution**

Plaintiff contends that Defendant Rider maliciously prosecuted him because Defendant Rider "initiated[d] criminal proceedings [against him,] [a]cted without probable cause[,] . . . compelled [McArthur] to press charges against Plaintiff[,] . . . disregarded any prior relationship between Plaintiff and [McArthur, and] . . . did not show up at the hearing." (Doc. 1, pp. 1–2 of 12.)  To:

> prove malicious prosecution under [S]ection 1983 . . .
> [and] the Fourth Amendment, a plaintiff must show that:
> (1) the defendant initiated a criminal proceeding; (2) the
> criminal proceeding ended in [the plaintiff's] favor; (3) the
> defendant initiated the proceeding without probable cause;
> (4) the defendant acted maliciously or for a purpose other
> than bringing the plaintiff to justice; and (5) the plaintiff
> suffered deprivation of liberty consistent with the concept
> of seizure as a consequence of a legal proceeding.

*Dice*, 711 F. Supp. 2d at 365–66.  In this case, the only element in dispute is whether Defendant Rider initiated the proceeding without probable cause. (Doc. 18, p. 10 of 31.)  Probable cause is defined as "facts and circumstances sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." *Freeman v. Murray*, 163 F. Supp. 2d 478, 485 (M.D. Pa. 2001).

In this case, Defendant Rider had probable cause to arrest Plaintiff for robbery, theft, carrying a firearm in a vehicle without a license, and unlawful possession of a firearm.  Defendant Rider responded to McArthur's call for police assistance and was informed that Plaintiff had struck McArthur, forcibly removed the keys to her vehicle from her hand, taken her gun, and driven away in her vehicle. After Plaintiff returned to the scene, Defendant Rider searched Plaintiff's person and

7

found the keys to McArthur's vehicle.  Plaintiff then confessed to taking McArthur's gun and vehicle and consented to a search of his residence, where the gun was located.  Considering these events, sufficient facts existed to warrant a prudent man to believe that the Plaintiff had committed the offenses for which he was arrested, whether or not McArthur wished to press charges.[5]  Plaintiff appears to mistakenly believe that because McArthur did not wish to press charges, McArthur's statements to Defendant Rider could not be used to establish probable cause.  This is not true.  Defendant Rider could rightfully rely on McArthur's statement because she had witnessed the crimes.  *See Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789–90 (3d Cir. 2000) (holding that probable cause existed as a matter of law based on an officer's reliance on a credible report of a single witness).  Whether McArthur wished to pursue charges against Plaintiff is irrelevant.

Plaintiff contends, however, that Defendant Rider may not argue that probable cause existed because Defendant Rider failed to show at the criminal hearing, precluding him from raising the argument at this time.[6]  For a party to assert the doctrine of issue preclusion, the party must prove that: "(1) [t]he issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] *actually* litigated; (3) it [was] determined by a final and valid judgment; and (4) the

---

[5]  Interestingly, Plaintiff admits that Defendant Rider had probable cause to arrest Plaintiff at the time because, prior to the incident, a warrant had been issued for Plaintiff's arrest.  Plaintiff states that the "[w]arrant alone [gave] [Defendant] Rider cause to jail Plaintiff."  (Doc. 35, pp. 2–3 of 13.)

[6]  Plaintiff further argues that Defendant Rider is prevented from arguing the existence of probable cause because of "[l]aches[,] 'the omission of something of which a party might do, and might be reasonably expected to do towards the vindication or enforcement of his rights." (Doc. 20, p. 6 of 14.)  Plaintiff misunderstands the doctrine of laches.  To assert laches, a party must have delayed asserting a right, resulting in material prejudice to another party.  *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 139 (3d Cir. 2005).  Plaintiff, however, fails to allege that Defendant Rider delayed raising his argument that probable cause existed at the time of arrest or that any such delay caused Plaintiff prejudice.

determination [was] essential to the prior judgment."[7] *Univac Dental Co. v. Dentsply Intern, Inc.*, 702 F. Supp. 2d 465, 488–89 (M.D. Pa. 2010) (emphasis added). Because Defendant Rider failed to appear at the hearing, the parties did not have a full and fair opportunity to litigate the issue of probable cause, and, therefore the issue was not *actually* litigated or determined by a court of competent jurisdiction.[8] Plaintiff's issue preclusion argument thus fails.

Defendant Rider responded to a complaint by McArthur and subsequently discovered evidence clearly establishing that probable cause existed to arrest Plaintiff for several crimes. Furthermore, because the probable cause issue was not fully litigated, Defendant Rider is not precluded from raising the existence of probable cause in defense to Plaintiff's claims. Accordingly, Plaintiff has failed to show that Defendant Rider initiated the criminal proceedings against him without probable cause, and Plaintiff's malicious prosecution claim will be dismissed .

## 2.   **False Arrest and Imprisonment**

Plaintiff contends that Defendants Rider and Fleagle falsely arrested and imprisoned him by "willfully detain[ing] [P]laintiff without consent from [P]laintiff and without authority." (Doc. 1, p. 2 of 12.) To prove false arrest and imprisonment under a Section 1983 claim, a plaintiff must prove: "(1) the detention of another

---

[7]   Another prerequisite to issue preclusion is that the "party against whom the plea is asserted was a party or [was] in privity with a party to the prior adjudication." *Smith v. Holtz*, 30 F. Supp. 2d 468, 474 (M.D. Pa. 1998). While Defendant Rider was not a party to the underlying criminal proceeding because the Commonwealth of Pennsylvania initiated the proceeding against Plaintiff, the court finds it unnecessary to determine whether Defendant Rider was in privity with the Commonwealth of Pennsylvania. Instead, the court finds that the lack of opportunity for the parties to be heard on the issue of probable cause is dispositive.

[8]   If a lower state court had determined whether probable cause existed, this court would be bound to its determination because a "federal court is required to give preclusive effect . . . to the judgment of a state court." *Smith*, 30 F. Supp. 2d at 476.

person (2) that is unlawful." *Luck v. Mount Airy No. 1, LLC*, 901 F. Supp. 2d 547, 555 (M.D. Pa. 2012).  Defendants Rider and Fleagle contend that they had probable cause to arrest Plaintiff, and, therefore, Plaintiff's detention was not unlawful. Because this court has already established that Defendant Rider had probable cause to arrest Plaintiff, only Defendant Fleagle's arrest of Plaintiff will be analyzed in this section.

In this case, Defendant Fleagle had probable cause to arrest Plaintiff for public drunkenness.  Defendant Fleagle responded to a call for police assistance, and, upon arriving at the scene, found Plaintiff stumbling while attempting to walk, which Plaintiff does not deny.  Considering Defendant Fleagle's uncontested observations, sufficient facts existed to warrant a prudent man to believe that Plaintiff had committed the offense of public drunkenness.  *See* 18 Pa.C.S.A. § 5505 (2012) ("A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance . . . to the degree that he may endanger himself or other persons of property, or annoy persons in his vicinity."). Furthermore, Plaintiff admits to having consumed one shot of vodka and "a 22 ounce Budweiser to go" at the time.  While Plaintiff attempts to argue that "there was no-one [sic] outside to be a threat to except the officers" (Doc. 35, p. 4 of 13), whether others were near Plaintiff at the time is irrelevant.  Defendant Fleagle, like Defendant Rider, had probable cause to arrest Plaintiff.[9]  It follows that Plaintiff's detentions

---

[9]  Plaintiff further argues that "[t]here was no test for alcohol levels[,] only the officer's words and statements." (Doc. 35, p. 4 of 13.)  Plaintiff confuses probable cause, however, with proof beyond a reasonable doubt.  Probable cause is a relatively low standard that "does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Shelley v. Wilson*, 339 Fed. App'x 136, 138 (3d Cir. 2009).  In this case, Defendant Fleagle's observation of Plaintiff's behavior and Plaintiff's admission of consuming alcohol was sufficient to establish probable cause.

cannot be deemed unlawful for lack of probable cause, and Plaintiff fails to allege any facts to show that the detentions were unlawful for another reason.  Consequently, Plaintiff's false arrest and imprisonment claim will be dismissed.

### 3.      Violation of the Equal Protection Clause

Plaintiff contends that Defendants Rider and Fleagle violated his right to equal protection of the laws under the Fourteenth Amendment because: (1) in his encounters with the police, Plaintiff "is automatically presumed guilty" and does not receive the same treatment "as women receive[;]" and (2) "a white male[,]" who was involved in a car accident that resulted in the death of Plaintiff's daughter, "was never arrested" or charged, but Plaintiff went "to jail for robbery" because "of his race." (Doc. 1, pp. 2–3 of 12.)  To establish a violation of the Equal Protection Clause under a Section 1983 claim, a plaintiff must show that: (1) he or she is a member of a protected class; and (2) is similarly situated to others not within the protected class who were not prosecuted. *Strickland v. Mahoning Twp.*, 647 F. Supp. 2d 422, 429 (M.D. Pa. 2009).

In this case, Plaintiff's claims of gender and racial discrimination clearly fail.  Regarding Plaintiff's claim of gender discrimination, Plaintiff alleges that Defendants Rider and Fleagle more favorably treated McArthur when responding to calls for police assistance because she was female.  (Doc. 1, p. 3 of 12.)  The court has already determined *supra*, in Part. III.A.1 and Part.III.A.2, that probable cause existed to arrest Plaintiff on each occasion that McArthur called the police.  Plaintiff does not allege that McArthur committed any crimes that would make her similarly situated to him.  Plaintiff thus fails to show women similarly situated to him that were not prosecuted and a conclusory statement that women generally receive

preferential treatment is entirely inadequate to show an equal protection claim.  As

for Plaintiff's claim of racial discrimination, Plaintiff establishes that, as an African

American, he is a member of a protected class but again fails to show that similarly

situated persons not in his protected class were treated differently.  In his complaint,

Plaintiff gives one example of a white male that allegedly was not charged or

arrested for being involved in a motor vehicle accident that resulted in the death of a

child.  In this example, however, the man who was not prosecuted is not similarly

situated to Plaintiff.  Instead, the man and Plaintiff were part of entirely different

situations in which Plaintiff alleges no similar facts.  Plaintiff does not raise any

other example of a non-African American, similarly situated to himself, who did not

face prosecution.  Consequently, because Plaintiff has failed to show plausible

claims of gender or racial discrimination, Plaintiff's equal protection claim will be

dismissed.

### 4.    Violation of the Due Process Clause

Plaintiff contends that Defendants Rider and Fleagle violated his due

process rights under the Fourteenth Amendment.  (Doc. 1, p. 3 of 12.)  Specifically,

Plaintiff contends that "Plaintiff was detained, arrested, and jailed without probable

cause, prima facie evidence, . . . conviction[, or consent]."  (*Id.*)  If "a constitutional

claim is covered by a specific constitutional provision, such as the Fourth . . .

Amendment, the claim must be analyzed under the standard appropriate to that

specific provision, not under the rubric of substantive due process." *Torres v.

McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998) (quoting *Cnty. of Sacramento v.

Lewis*, 523 U.S. 833, 833 (1998)).  Courts have, "general[ly] . . . always been

reluctant to expand the concept of substantive due process[,] preferring, instead, to

12

limit substantive due process protections to matters relating to marriage, family, procreation, and the right to bodily integrity." *Id.* at 172.  In this case, Plaintiff is contesting that his arrests were executed without probable cause, which is specifically covered by the Fourth Amendment.  *Id.*  A substantive due process claim based on these facts is inappropriate in this case and will be dismissed.

### 5.    **Excessive Force**

Plaintiff contends that Defendants Rider and Fleagle used excessive force against Plaintiff in violation of the Fourth Amendment because "Defendants both man handled Plaintiff with no need for force at all." (Doc. 1, p. 4 of 12.)  To prove excessive force under a Section 1983 claim, a plaintiff must show that: (1) a seizure occurred; and (2) the seizure was unreasonable.  *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 589 (M.D. Pa. 2008).  Because Defendants Rider and Fleagle do not dispute that a seizure occurred during Plaintiff's arrests, the only element the court will analyze is whether the seizure was unreasonable.

A seizure is unreasonable under the Fourth Amendment "if, under the totality of the circumstances, the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Id.* (quoting *Graham v. Conner*, 490 U.S. 386, 397 (1989)). Factors a court may consider when determining reasonableness include "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, . . . whether [the suspect] actively . . . resist[ed] arrest or attempt[ed] to evade arrest by flight[,] . . . the duration of the action, whether the action [took] place in the context of effecting an arrest, [and] the possibility that the suspect [was] armed." *Id.*

13

In this case, Plaintiff has failed to allege sufficient facts to show that the seizure was unreasonable. Defendants Rider and Fleagle necessarily used some force to effectuate Plaintiff's arrests. Although Plaintiff alleges that Defendant Rider "man handled [sic]" him while checking for weapons, Plaintiff was suspected of robbery and unlawful possession of a firearm. Checking Plaintiff for weapons was thus objectively reasonable under the circumstances. Plaintiff fails to allege how Defendant Fleagle used excessive force, instead relying on a conclusory statement that excessive force was used. Significantly, Plaintiff does not allege that he suffered any injuries from either officer's alleged use of force. In fact, Plaintiff fails to allege facts that show more than a *de minimis* use of force that would make Defendant Rider's and Fleagle's use of force unreasonable and therefore excessive. Consequently, Plaintiff's excessive force claim will be dismissed.

### 6.   Municipal Liability

Plaintiff contends that the City of Harrisburg should be held liable for its failure to properly train its police officers and deliberate indifference. (Doc. 1, p. 5 of 12.) Specifically, Plaintiff contends that the official customs of the City of Harrisburg violate citizens' constitutional rights as portrayed by Defendants Rider's and Fleagle's treatment of Plaintiff. (*Id.*) To state a claim for municipal liability under Section 1983, the plaintiff must show "a government[al] policy or custom, whether made by . . . lawmakers or by those whose edicts or acts may fairly be said to represent official policy, [that] inflicts [an] injury [for which] the government as an entity is responsible." *Simmons v. City of Phila.*, 947 F.2d 1042, 1059 (3d Cir. 1991). Only "when a municipality's failure to train is tainted by a deliberate indifference to constitutional rights can that failure rise to the level of a municipal

14

policy or custom—that is, 'a deliberate choice to follow a course of action . . . made from among various alternatives' by city policymakers." *Id.* at 1060.  If a plaintiff fails to show a violation of his or her constitutional rights, the plaintiff's municipal liability claim must fail.

In this case, Plaintiff fails to show that any violation of his constitutional rights occurred.  The court has already established that Defendants Rider and Fleagle had probable cause to arrest Plaintiff.  Plaintiff fails to point to any other behavior on the part of the officers that deprived him of his constitutional rights.  Furthermore, Plaintiff fails to allege anything but conclusory language to support his contention that the City of Harrisburg deliberately chose a course of action from among alternatives that rose to the level of becoming a policy or custom.  The court is not required to, and will not, treat this conclusory language unsupported by facts as true.  Consequently, the court will dismiss Plaintiff's claim of municipal liability.

### B.    State Law Claims

Federal courts "have jurisdiction over state claims which are related to . . . federal claims and result from a common nucleus of operative facts." *Johnson v. Hollibaugh*, No. 3:CV-11-565, 2013 WL 6450225, at *5 (M.D. Pa. 2013).  When all federal claims have been dismissed, a federal court may decline to exercise pendent jurisdiction over the remaining state law claims. *Id.*; 28 U.S.C. § 1367(c)(3) (1990).  As this court recently recognized, "[t]he Third Circuit has held that 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative

justification for doing so.'" *King v. Mansfield Univ. of Pa.*, Civ. No. 11-cv-1112, 2014 WL 3734551, \*14 (M.D. Pa. July 28, 2014) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

In this case, all of Plaintiff's federal claims will be dismissed. While this may generally be a basis for declining to do so, the court will exercise supplemental jurisdiction in the interests of judicial economy and address the remaining state law claims, which have been fully briefed by the parties and are ripe for disposition. For the following reasons, the asserted state law claims fail as a matter of law and will be dismissed.

### 1.    Invasion of Property

Plaintiff contends that Defendants Rider and Fleagle invaded his property. (Doc. 1, p. 4 of 12.) To support this contention, Plaintiff alleges that Defendants Rider and Fleagle "appropriate[d] [P]laintiff's name for commercial advantage, intrud[ing] upon private affairs or seclusion." (*Id.*) The court believes Plaintiff intended to assert an invasion of privacy, not property, claim. The Restatement (Second) of Torts § 652B provides that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (1977); *see also Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1383 (Pa. Super. Ct. 1984) (stating that "[w]e believe that the Resatement most ably defines the elements of invasion of privacy as that tort has developed in Pennsylvania"). It is irrelevant, however, whether Plaintiff is asserting an invasion of property claim or an invasion of privacy claim because Plaintiff has

failed to allege any facts to support either claim.  Furthermore, the statute of limitations for an invasion of privacy claim in Pennsylvania is one year and expired before Plaintiff initiated this lawsuit.  42 Pa.C.S.A. § 5523 (1982) (declaring that an action for invasion of privacy "must be commenced within one year").  Thus, Plaintiff's invasion of property/privacy claim will be dismissed.

## 2.  <u>Wrongful Use of Civil Proceedings</u>

Plaintiff also claims that Defendant Fleagle wrongfully initiated civil proceedings.  (Doc. 1, p. 4 of 12.)  Specifically, Plaintiff contends that Defendant Fleagle "acted . . . without probable cause, when he was called for a domestic situation, where there was no legal course to be taken, and deemed [Plaintiff] to be drunk . . . without . . . securing proper adjudication, because [Defendant Fleagle] did not show at the adjudication." (*Id.*)  Plaintiff apparently confuses *civil* with *criminal* proceedings.  While criminal hearings were initiated against Plaintiff, no civil proceedings are mentioned anywhere in the complaint.  Thus, to the extent Plaintiff desired to assert a wrongful use of civil proceedings claim, his claim will be dismissed.

Plaintiff's claim likewise fails to the extent Plaintiff's claim is one for abuse of process.  To establish an abuse of process claim, a plaintiff must establish three elements: "(1) [that t]he defendant used a legal process against the plaintiff[;] (2) [that] the defendant used the process primarily to accomplish a purpose for which the process was not designed; and (3) [that] . . . harm has been caused to the plaintiff." *Gebhart v. Steffen*, No. 14-1055, 2014 WL 3765715, at *4 (3d Cir. 2014).  As stated *supra*, Part III.A.1, this court has already determined that the criminal proceedings against Plaintiff were initiated with probable cause.  Thus, even if

17

Plaintiff had intended to assert an abuse of process claim, the complaint still fails to show that the criminal hearings were brought for a purpose for which they were not designed. Consequently, Plaintiff's wrongful use of civil proceedings claim will be dismissed.

### 3.      Police Misconduct

Plaintiff contends that Defendants Rider and Fleagle and the Harrisburg Police Department  engaged in police misconduct.[10]  (Doc. 1, pp. 4–5 of 12.) Pennsylvania, however, does not recognize a stand-alone claim of "police misconduct."  Instead, Pennsylvania uses misconduct on the part of the police as an element in other causes of action.  *See, e.g.*, 42 Pa.C.S.A. § 8550 (1980) (providing a cause of action for parties injured by local agencies or employees, including local police officers, whose willful actions result in an injury).  Consequently, Plaintiff has failed to state a valid claim for which relief can be granted.  Furthermore, Plaintiff contends that the defendants committed misconduct by engaging in "a pattern or practice of [unconstitutional] conduct[,]" "regularly harassed Plaintiff[,]" "detained Plaintiff [three] times within a year with self-alleged false probable cause[,]" and failed to show at Plaintiff's hearings "which shows that they did not serve the purpose of securing proper adjudication." (*Id.* at p. 5 of 12.)  This court has already determined that Plaintiff was arrested with probable cause, *see supra* Part III.A.1, and that no wrongful use of civil proceedings occurred, *see supra* Part III.B.2. Furthermore, Plaintiff fails to raise any facts that amount to a plausible inference of

---

[10]  Plaintiff cites to 42 Pa.C.S.A. § 14141. This statute, however, does not exist. Possibly, Plaintiff intended to assert a claim of willful misconduct.  A claim of willful misconduct, however, would be inappropriate in this case as it requires a local agency or employee to cause an injury, the act of which "constituted a crime, actual fraud, actual malice[,] or [intentional] misconduct." 42 Pa.C.S.A. § 8550 (1980).  In the instant case, Plaintiff fails to allege any injury or intentional act on the part of Defendants Rider, Fleagle, or the Harrisburg Police Department that would rise to the level of willful misconduct.

misconduct on the parts of Defendants Rider and Fleagle or the Harrisburg Police Department.  Accordingly, Plaintiff's police misconduct claim will be dismissed.[11]

### C.   Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure permits a court to grant a party leave to amend its pleadings.  *See* Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  As such, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  In this context, "'futility' means that the complaint, as amended, would still fail to state a claim upon which relief could be granted." *Shave v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  In this case, the deficiencies identified with regard to Plaintiff's federal law claims are not curable by amendment because there was probable cause leading to a lawful detention and because Plaintiff alleged no facts possibly giving rise to an equal protection, due process, or excessive force claim, or any basis for imputing municipal liability.  Accordingly, granting Plaintiff leave to amend his federal claims would be futile.  Therefore, Plaintiff's claims will be dismissed with prejudice.

### IV.   Conclusion

---

[11]  Defendants Rider and Fleagle also contend that they have qualified immunity and therefore are immune from Plaintiff's claims.  (Doc. 17, p. 1 of 3.)  Because the facts alleged in Plaintiff's complaint are insufficient to support Plaintiff's claims, the issue of whether the officers are protected by qualified immunity need not be decided.  Likewise, the issue of whether Plaintiff's state tort claims are prohibited by the Political Subdivision Tort Claims Act (the "PSTCA"), 42 Pa.C.S.A. §§ 8541–8564, which provides absolute immunity to local agencies and their employees for official actions minus certain exceptions, need not be decided.

For the foregoing reasons, and after liberally construing Plaintiff's claims due to his *pro se* status, the court finds that Plaintiff has failed to plead plausible constitutional claims against Defendants that entitle him to relief and will therefore dismiss Counts I, II, III, IV, VI, and IX.  Furthermore, although the court exercises its discretion in deciding to retain jurisdiction over the pendent state law claims, it is clear that Plaintiff failed to state cognizable causes of action under Pennsylvania law.  Accordingly, the court will dismiss Counts V, VII, and VIII. Finally, the court finds that because the facts pleaded by Plaintiff could not form the basis of causes of action, granting Plaintiff leave to amend the complaint would be futile.  The court will, therefore, grant Defendants' motions to dismiss and dismiss Plaintiff's complaint with prejudice.

An appropriate order will be issued.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  September 29, 2014.